# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID ESPARZA, | § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 2:09-CV-071-J |
| CARGILL MEAT SOLUTIONS CORPORATION, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

This is a suit for damages under Texas state tort law. Plaintiff David Esparza sued Defendant Cargill Meat Solutions Corporations (Cargill) for personal injuries sustained while moving a piece of sheet metal with another employee at Defendant's plant in Friona, Texas. Plaintiff pleaded causes of action for negligence and gross negligence, alleging that Defendant's negligence was the direct and proximate cause of his personal injuries. Plaintiff brought this suit in federal court pursuant to 28 U.S.C. § 1332.

Defendant moves for summary judgment. Defendant asserts *inter alia* that Plaintiff's negligence and gross negligence state-law claims are preempted by § 301 of the Labor Management Relations Act (LMRA). In response, Plaintiff contends that § 301 does not apply because his pre-injury waiver of state-law claims is void and unenforceable under § 406.033(e) of the Texas Labor Code. Plaintiff also asserts that, even if the waiver is valid, his claims are not

preempted by § 301 because they are not dependent on the meaning of the collective bargaining agreement.

## SUMMARY JUDGMENT STANDARD

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324–25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1449 (5th Cir. 1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322. "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp.,* 477 U.S. at 323) (emphasis in original). The nonmovant must then show by affidavits, depositions, answers to

interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *See, e.g., Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## BACKGROUND

Since April of 2002, Cargill has provided Workers' Compensation insurance under the Texas Workers' Compensation Act.[1]

Section 408.001(a) of the Texas Labor Code states that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage." Tex. Lab. Code Ann. § 408.001(a) (2006). Section 406.034 of the Texas Labor Code provides:

> (a) Except as otherwise provided by law, unless the employee gives notice as provided by Subsection (b), an employee of an employer waives the employee's right of action at common law or under a statute of this state to recover damages for personal injuries or death sustained in the course and scope of the employment.
> (b) An employee who desires to retain the common-law right of action to recover damages for personal injuries or death shall notify the employer in writing that the employee waives coverage under this subtitle and retains all rights of action under common law. The employee must notify the employer not later than the fifth day after the date on which the employee:
> (1) begins the employment; or
> (2) receives written notice from the employer that the employer has obtained workers' compensation insurance coverage if the employer is not a covered employer at the time of the employment but later obtains the coverage.

*Id.* § 406.034(a)-(b). Section 406.033(a) of the Texas Labor Code provides that "[i]n an action against an employer who does not have workers' compensation insurance coverage to recover damages," the employer is denied certain common law defenses. *Id.* § 406.033.

---

[1] Cargill has shown the existence of this insurance policy by way of affidavit and as evidenced on the waiver signed by Esparza. Esparza disputes the existence of Cargill's policy in 2002 but offers no evidence to support his assertion. Plaintiff has therefore not shown that a genuine issue of material fact exists.

3

With regard to employers who do not have Workers' Compensation coverage, subsection (e) of § 406.033 further provides:

> (e) A cause of action described in Subsection (a) may not be waived by an employee before the employee's injury or death. Any agreement by an employee to waive a cause of action or any right described in Subsection (a) before the employee's injury or death is void and unenforceable.

*Id.* § 406.033(e).

During the relevant time period, in addition to being a carrier of Workers' Compensation, Cargill was covered by a collective bargaining agreement (CBA) between itself and the United Food and Commercial Workers District Local #540 ("Union"). The CBA governs the relationship between Cargill and its employees. The CBA provides in part:

> Any and all claims, causes of action or controversy arising out of or otherwise related to on the job accidents, illnesses or injuries shall be covered and administered pursuant to the Cargill Meat Solutions Corporation Texas Occupational Temporary Disability Plan, as amended ("Disability Plan") a welfare plan under the Employee Retirement Insurance Security Act of 1974, as amended. The Union specifically waive [sic] on behalf of itself and all bargaining unit employees, and any and all other causes of action which it or such employees may possess outside said Disability Plan which may in any way relate to or arise out of an on the job accident, illness or injury. Claims using the procedures outlined in this Article and as specifically set forth in the Disability Plan, shall provide for the sole and exclusive means of enforcing and pursuing claims arising out of such job accidents, illnesses or injuries in accordance with the terms of the Disability Plan.

Plaintiff's hire date at Cargill was either July 30, 2002 or August 1, 2002. New employees at Cargill are given three options: (1) be covered under Workers' Compensation insurance, (2) waive Workers' Compensation and retain their common law rights, or (3) waive Workers' Compensation and their common law rights and be covered under Cargill's own Occupational Disability Plan (the "Plan").

4

On August 2, 2002, within five days of either hire date, Plaintiff opted to be covered under the Plan and waived Workers' Compensation coverage and his common law rights. Plaintiff signed the following waiver:

> I have reviewed (1) the Collective Bargaining Agreement between Excel and the United Food and Commercial Workers Local No. 540, AFL-CIO, as amended (the CBA), (2) a summary of the Excel Corporation Texas Occupational Disability Plan (the Plan), and (3) the written Notice dated **APRIL 15, 2002**, that Excel now provides Workers' Compensation Insurance under the Texas Workers' Compensation Act (the Act), and I understand that I may make a choice as to the coverage I desire.
> **Therefore, I hereby WAIVE Workers' Compensation Insurance and make the election checked as follows:**
> In lieu of Workers' Compensation Insurance, I elect to be covered by the Excel Corporation Texas Occupational Disability Plan, and I understand that the exclusive and mandatory procedure for enforcing my rights will be the claim, grievance and arbitration procedure under the Plan and the CBA.[2]

Plaintiff was injured on February 7, 2008. On the same day, Plaintiff claimed compensation and thereafter began receiving benefits under the Plan. The CBA provides:

> C. All employees who experience an on the job accident, illness or injury at any time must follow the procedures set forth under this section to raise a claim or dispute anything involving such job accident, illness or injury. Specifically, any employee who believes that he has been denied rights under the Disability Plan, or who otherwise has any claims arising out of or related to a job accident, illness or injuries on the job, or who otherwise has any claims related to coverage, eligibility for coverage, benefits and/or the amount or duration of benefits under the Disability Plan shall follow the claims procedure as outlined in Article 10 of the Cargill Meat Solutions Texas Occupational Disability Plan. If the claim is not resolved under such claims procedure, it will proceed to (D) under this Article.
> D. The parties shall agree upon a panel of two (2) permanent arbitrators which shall hear cases on a rotating basis. Either party may veto the continued use of an arbitrator. All pending cases shall be heard as least every month and a decision shall be rendered by the arbitrator within fifteen (15) days. The Company will pay the entire cost of the arbitration (except for the expenses of

---

[2] Cargill Meat Solutions Corporation is the successor to Excel through a name change.

> Union counsel and representatives <u>and other counsel or representatives unrelated to the Company</u>).

(emphasis in original). Plaintiff never appealed through the procedures provided in the CBA, but instead filed this suit asserting state law tort claims.

## DISCUSSION

### *Plaintiff's Waiver*

Plaintiff contends that since he elected to be covered by the Plan, Cargill was not a subscriber to Workers' Compensation as to him. Plaintiff then asserts that because Cargill is a non-subscriber to Workers' Compensation as to him, the pre-injury waiver prohibition of Texas Labor Code § 406.033(e) applies, and thus he has not waived his causes of action for negligence and gross negligence. Defendant contends that it does not cease to be a subscriber to Workers' Compensation for § 406.033(a) and (e) purposes just because it provided alternative options for its employees.

The present case is factually indistinguishable from that of *Espinoza v. Cargill Meat Solutions Corp.*, __ F.3d __, 2010 WL 3859692 (5th Cir. Oct. 5, 2010). That case involved another employee's tort action against the same defendant employer (Cargill). The plaintiff signed the same waiver of Workers' Compensation that Esparza signed and elected to be covered by the same Occupational Disability Plan. Like Esparza, Plaintiff Espinoza was injured on the job and sued Cargill in tort for her injuries after receiving Plan benefits. She argued that Cargill should be characterized as a non-subscriber to Workers' Compensation as to her because she was not covered under its policy, and consequently § 406.033(e) operated to bar her pre-injury waiver. The Fifth Circuit held:

> Because TLC § 406.033(a) refers only to whether an *employer* has Workers' Compensation insurance coverage, and not to whether an *individual employee* has been covered by his or her employer's Workers' Compensation policy, the

operation of TLC § 406.033(e)'s bar does not apply to Cargill – an employer who has Workers' Compensation coverage – irrespective of Espinoza's decision to opt-out.

*Id.* at *5 (emphasis in original).

This Court, based on the plain language of the statute and application of the *Espinoza* decision, agrees with Defendant Cargill. Section 406.033(a) is relevant to employers who do not have workers' compensation insurance coverage. Defendant has Workers' Compensation insurance coverage, and Plaintiff was given the option to be covered by such policy. Because Defendant is a subscriber to Workers' Compensation, the provision of § 406.033(e) prohibiting pre-injury waivers does not apply.

*Preemption*

Defendant contends that Plaintiff's causes of action are preempted by the provisions of the CBA pursuant to § 301 of the Labor Management Relations Act (LMRA). Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (2000). The Fifth Circuit explained § 301 preemption in *Richter v. Merchants Fast Motor Lines, Inc.*:

> Based on Supreme Court precedent, this court has held that this section establishes federal preemption over conflicting state causes of action arising in both contract and tort, and that such preemption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement.

83 F.3d 96, 97 (5th Cir. 1996) (citing *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994); *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1089 (5th Cir. 1991); *Baker v. Farmers Electric*, 34 F.3d 274 (5th Cir. 1994)). Plaintiff argues that his state law claims are not preempted by § 301 because the claims are not dependent upon an interpretation of the CBA.

To determine if adjudicating a claim requires interpreting the terms of a collective bargaining agreement, a court is required first to analyze the elements of the tort at issue. *Jones*, 931 F.2d at 1089. Under Texas law, a cause of action for negligence is premised on the existence of a legal duty, and whether an employer has a legal duty to the employee is a question of law for the courts. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Several courts have held that claims of negligence, such as those asserted by Plaintiff, are preempted under § 301. *See, e.g., Navarro v. Excel Corp.*, 48 F.App'x 481 (5th Cir. 2002) (§ 301 preempted state law negligence claim that company failed to maintain a reasonably safe workplace when collective bargaining agreement required company to create safety and grievance committees, allowed paid rest periods, gave employees protective equipment, and procedurally provided an exclusive remedy for resolving grievances); *Cupit v. Walts*, 90 F.3d 107 (5th Cir. 1996) (§ 301 preempted state law negligence and gross negligence claims); *Richter*, 83 F.3d 96 (negligence claim inextricably intertwined with terms of labor contract and therefore preempted by the LMRA).[3]

Plaintiff asserts Defendant negligently failed to train or supervise properly, failed to adopt proper policies or procedures regarding the operating of its machinery as well as the reporting of malfunctions with the machinery, failed to provide safe equipment, and failed to

---

[3] Plaintiff states that reliance on *Cupit* and *Navarro* is misplaced because both cases upheld a pre-injury waiver that is now invalid under Tex. Lab Code § 406.033(e). The reliance here, however, is not on the courts' interpretations of the validity of a pre-injury waiver, but on the holdings regarding state-law claim preemption under § 301 of the LMRA. Similar holdings have been applied in cases not involving a pre-injury waiver. *See, e.g., Hayward v. Friedrich Air Condition Co.*, No. Civ.A.SA-04-CA1040XR, 2005 WL 2016978 (W.D.Tex. Aug. 23, 2005).

8

provide a safe workplace. The CBA involved here applies to "any and all claims, causes of action or controversy arising out of or otherwise related to on the job accidents, illnesses, or injuries . . . ." The CBA's provisions include, but are not limited to: acknowledging the responsibility of Defendant to provide a safe workplace and correct safety hazards, instituting a safety committee for the purpose of insuring and promoting a safe work environment, establishing formal training of new and reassigned workers, and providing a grievance committee. The scope of Defendant's duties and Plaintiff's remedies under the CBA are inextricably intertwined with the scope of Defendant's legal duty for purposes of Plaintiff's negligence claims.

Further, in the Fifth Circuit's analysis of the same CBA in *Espinoza*, the Court held that "[b]ecause the duty giving rise to Espinoza's state law negligence claim, as well as her available remedies for Cargill's alleged breach of that duty, will involve an interpretation of the CBA," the claims were preempted. *Espinoza*, 2010 WL 3859692, at *7–9. Plaintiff's state law claims are therefore preempted by § 301 of the LMRA.

The CBA states that "[a]ll employees who experience an on the job accident . . . must follow the procedures set forth under this section to raise a claim or dispute anything involving such job accident . . . ." The CBA then provides that if a claim is not resolved under such claims procedure, the parties will seek to resolve the disputes through arbitration. Such clauses are enforceable. *Richter*, 83 F.3d at 98 (citing *Baker*, 34 F.3d 274); *see also Boone v. Armstrong Cork Co.*, 384 F.2d 285, 288 (5th Cir. 1967). Because Plaintiff did not exhaust his remedies under the CBA, he is precluded from bringing this suit and dismissal is proper. *See Espinoza*, 2010 WL 3859692, at *9 ("the CBA provides the only mechanism for adjudicating [the] claim").

## CONCLUSION

Plaintiff's claim is preempted by the LMRA. Plaintiff has failed to initiate any grievance and arbitration process with Defendant as required by the collective bargaining agreement. Accordingly, the motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Signed this  8th  day of October, 2010.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE